IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01440–RM–KMT

R.B., a minor, by and through his mother, KRISTIN BLUMENHEIN,

   Plaintiff,

v.

ACADEMY DISTRICT 20,

   Defendant.

---

# ORDER

---

Before the court is "Defendant's Motion to Stay Discovery Pending Determination of Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss." (["Motion"], Doc. No. 22.) In the Motion, Defendant asks that discovery in this matter be stayed, pending resolution of its contemporaneously filed motion to dismiss. (Mot. 1; *see* Doc. No. 21.) Plaintiff has responded in support of the Motion. (["Response"], Doc. No. 24.) For the following reasons, the Motion is GRANTED.

Plaintiff R.B., a minor, by and through his mother, Kristin Blumenhein ["R.B." or "Plaintiff"], brings this lawsuit against his former school district, Defendant Academy District 20 ["the District" or "Defendant"], alleging violations of the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (["Amended Complaint"], Doc. No. 11.) R.B., who is reportedly disabled,

alleges that, while he was a student at a District middle school, the District "failed to provide [him] with reasonable accommodations that allowed him access to an education," by formulating an inadequate and inappropriate "504 Plan" to address his disability, which he contends, ultimately led to his permanent expulsion.  (*Id.* at ¶¶ 6-8, 25-26, 46, 52-54, 68.)  Plaintiff further alleges that the District unlawfully "failed to seriously evaluate him for special education services or develop any sort of behavior intervention plan," due to "its preexisting belief that he did not require special education services."  (*Id.* at ¶¶ 62-63, 68.)  In his Amended Complaint, Plaintiff asserts two causes of action: (1) "Violation of Section 504 of the Rehabilitation Act;" and (2) "Violation of Predetermination."  (*Id.* at ¶¶ 47-63.)  As compensation for his injuries, Plaintiff requests various forms of injunctive relief, as well as an award of costs and attorney fees.  (*Id.* at 12.)

On August 20, 2021, the District responded to Plaintiff's allegations by filing a motion to dismiss the case, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, based on the terms of a purported settlement agreement entered into by the parties in Colorado Administrative Court.  (Doc. No. 21.)  Defendant argues, specifically, that Plaintiff, by settling his claims at the administrative level prior to the completion of a due process hearing, failed to exhaust his administrative remedies under the Individuals with Disabilities Act ["IDEA"], 20 U.S.C. §§ 1440 *et seq.*, which Defendant contends "is required by federal law before filing this suit."  (*Id.* at 1, 7-20.)  Also on August 20, 2021, Defendant filed the present Motion, requesting that discovery in this matter be stayed, pending resolution of the motion to dismiss.  (Mot. 1.)  The District argues that a discovery stay is appropriate here, because the motion to dismiss "raises purely legal arguments based exclusively on the facts

2

alleged in the complaint and on the procedural aspects of the settlement of the Administrative Court/Due Process case."  (*Id.* at 2-3.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in

3

a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay.  Indeed, Plaintiff has made clear that he supports Defendant's request for a stay.  (Resp. 1.)  The first factor, therefore, weighs in favor of the imposition of a stay.  *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, the District argues that it would be unduly burdened by moving forward with discovery," because its "time and resources are better spent serving the needs of the students while [the] dispositive motion is pending."  (Mot. 6.)  In making that argument, Defendant stresses that its motion to dismiss raises "purely legal arguments," which can be resolved without looking beyond the pleadings.  (*Id.* at 2-3.)  Given that the motion to dismiss does appear to be predicated purely on questions of law, the court agrees that the District could be prejudiced by engaging in discovery at this time.  Accordingly, the second factor supports the imposition of a stay.  *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745,

at *2 (D. Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. By imposing a discovery stay in this case, judicial economy will be enhanced, because scheduling and discovery issues will not be raised, and the court will be able to focus its attention on the dispositive legal issues raised in Defendants' motion to dismiss. *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where . . . the facts sought through uncompleted discovery would not affect the resolution of the motion[.]"). The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Defendant's Motion to Stay Discovery Pending Determination of Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss" (Doc. No. 22) is **GRANTED**.

Discovery in this matter is **STAYED** pending a ruling on the "Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 21). The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the initial case deadlines should be reset.

Dated this 4th day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge